UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| BASF CORPORATION,<br><br>    Plaintiff(s),<br><br>v.<br><br>HALCYON SILVER LLC,<br><br>    Defendant(s). | Case No. 2:24-cv-01899-RFB-NJK<br><br>**Order**<br><br>[Docket No. 13] |

  Pending before the Court is Plaintiff's motion to extend the time to effectuate service and to effectuate service through the Secretary of State. Docket No. 13.

  Extensions of the service deadline are obtained by showing good cause and such extensions may be provided even without such a showing. Fed. R. Civ. P. 4(m). Whether good cause exists is a close call in this case, particularly given that Plaintiff engaged in only a single service attempt in the preceding three months. *See* Docket No. 13 at 4. When the Court granted the prior extension two months ago, it certainly envisioned more robust diligence to effectuate service. Given the Court's broad discretion as to an extension and in an effort for the case to be decided on its merits, however, the Court will allow the extension in this instance. Plaintiff is warned that any future extension requests must be supported by a more fulsome showing of diligence.

  Courts have considerable discretion in deciding whether alternative service should be permitted. *Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1016 (9th Cir. 2002). Service through the Nevada Secretary of State may be permitted when service "cannot be made" under the normal provisions. Nev. R. Civ. P. 4.2(d)(A); *see also Fisher v. TheVegasPackage.com, Inc.*, 2019 WL 6828295, at *1 (D. Nev. Dec. 12, 2019) (indicating that this means of alternative service is warranted "when personal service proves impossible"). In this case, Plaintiff has attempted service

seven times at three locations. *See* Docket No. 13 at 3-4. With respect to two of those locations, the process server was given some indicia that Defendant's registered agent was not at that address. With respect to the Darby Avenue address, however, the process server attempted service three times over a few days in November 2024. The process server reports that the address was gated and that he was not given access into the property.[1] Unlike the other addresses, the process server does not report any interaction in which indication was made that Defendant's registered agent was not located at that address. Insufficient explanation has been provided as to whether Darby Avenue is not actually a good address for the registered agent or why additional service efforts at that address would not be worthwhile.[2]

In light of the above, the motion to extend the service deadline is **GRANTED**. The deadline is extended to April 7, 2025. The motion to effectuate service through the Secretary of State is **DENIED** without prejudice.

IT IS SO ORDERED.

Dated: March 11, 2025

                                                                     Nancy J. Koppe
                                                                     United States Magistrate Judge

---

[1] Although service was not completed at this address, the circumstances specific to this address do not necessarily suggest evasion or other concerning circumstances. One might wonder, for example, whether the registered agent was simply out of town during the five-day period during which service was attempted at the Darby Avenue location.

[2] The cases cited in the motion are different. In *Fisher*, the registered agent's office was unstaffed during business hours, the registered agent denied by phone any involvement with the corporate defendant, and 14 service attempts failed. 2019 WL 6828295, at *2. In *DLJ Mortgage Capital, Inc. v. Old Republic Title Insurance Group, Inc.*, the address provided was for a different entity and the process server was told that the corporate defendant had in fact dissolved. 2021 WL 1911342, at *2 (D. Nev. Apr. 15, 2021).